**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gilberto LOPEZ–GUTIERREZ,
Defendant—Appellant.**

No. 02–50121.
D.C. No. CR–01–02517–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Gilberto Lopez–Gutierrez appeals his conviction upon his conditional guilty plea to one count of importation of marijuana in violation of 21 U.S.C. § 952; § 960.

His contention that 21 U.S.C. §§ 952 and 960 are facially unconstitutional is foreclosed by *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002), and *United States v. Buckland,* 289 F.3d 558 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Lopez–Gutierrez's contention that *United States v. Harris,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002),

overrules *United States v. Buckland* and *United States v. Mendoza–Paz* is foreclosed by *United States v. Hernandez,* 314 F.3d 430, *as amended,* 322 F.3d 592, 2003 WL 730663 (9th Cir. Mar.5, 2003). Lopez–Gutierrez also asserts that the indictment did not allege mens rea as to drug type and amount and is therefore deficient. As he acknowledges, this argument is foreclosed by our decision in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

